UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

RICARDO MANZANERO,

    Plaintiff,

vs.

STYLE 10, LLC, a Florida limited liability company, ESTER TARIN GIMENO, an individual, and JOSE CASTELLANO, an individual,

    Defendants.
_____/

## **COMPLAINT**

    COMES NOW Plaintiff RICARDO MANZANERO ("MANZANERO" or "PLAINTIFF"), who was an employee of Defendants STYLE 10, LLC, a Florida limited liability company, ESTER TARIN GIMENO, an individual, and JOSE CASTELLANO, an individual (together, "DEFENDANTS"), and files this Complaint for minimum wage compensation, overtime wage compensation, liquidated damages, return of tips wrongfully taken, and other relief under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. (the "FLSA").

### I.    **INTRODUCTION**

1. Plaintiff was employed as a server by Defendants at their restaurant, Kebo. Plaintiff was paid $3.02 or more per hour below the minimum and overtime wage because Defendants claimed the "tip credit" for employees who are customarily and regularly tipped.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

2. Throughout Plaintiff's employment, he was forced to participate in an improper tip pool in which some of his tips earned were taken and retained by Defendants, his employers.

3. Due to this illegal tip pool, Defendants were not entitled to apply the tip credit to Plaintiff's hourly wages.

4. Therefore, Plaintiff seeks the return of the tip credit wrongfully applied to his minimum and overtime wage hours along with liquidated damages; the return of Plaintiff's tips which wrongfully taken and retained by the Defendants; reasonable attorneys' fees and costs; and all other relief the court deems appropriate.

## II.   JURISDICTION AND VENUE

5. Venue is proper because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

6. This Court has original jurisdiction over Plaintiff's claims.

## III.   PARTIES

7. Plaintiff MANZANERO is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

8. Defendant STYLE 10, LLC ("STYLE 10") is a Florida limited liability company that owns and operates the Kebo restaurant at which Plaintiff was employed, located in Key Biscayne, Florida.

9. Defendant JOSE CASTELLANO ("CASTELLANO") an individual and *sui juris*, is the co-owner and co-manager of STYLE 10, LLC. Castellano acted directly and indirectly in the interest of STYLE 10. CASTELLANO frequented the Kebo restaurant and had the power to

2

direct employees' actions. CASTELLANO had management responsibilities, degree of control over the company's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at Kebo restaurant in accordance with the FLSA, making Defendant CASTELLANO an employer pursuant to the FLSA.

10. Defendant ESTER TARIN GIMENO ("TARIN") an individual and *sui juris*, is the co-owner and co-manager of STYLE 10, LLC. TARIN acted directly and indirectly in the interest of STYLE 10. TARIN frequented the Kebo restaurant and had the power to direct employees' actions.  TARIN had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at Kebo restaurant in accordance with the FLSA, making Defendant TARIN an employer pursuant to the FLSA.

## IV. COVERAGE

11. During all material times, Defendant STYLE 10 was an enterprise covered by the FLSA in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. During all material times, Defendant STYLE 10 was an employer as defined by 29 U.S.C. § 203(d).

3

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

13. During all material times, Defendant CASTELLANO was an employer as defined by 29 U.S.C. § 203(d).

14. During all material times, Defendant TARIN was an employer as defined by 29 U.S.C. § 203(d).

15. Defendants are joint employers under 29 C.F.R. § 791.2(b)(3) because Defendants are not completely disassociated with respect to the employment of Plaintiff, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

16. During all material times, DEFENDANTS had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. During all material times, DEFENDANTS employed two or more employees.

## V.   FACTUAL ALLEGATIONS

18. Defendants own and operate the Kebo restaurant, at which Plaintiff MANZANERO was employed as a server, in Key Biscayne, Miami-Dade County, Florida.

19. MANZANERO worked as a server for Defendants from May, 2016, approximately, to May, 2018.

20. During the relevant time period, the applicable Florida minimum wage was $8.05 per hour in 2016, $8.10 per hour in 2017, and $8.25 per hour in 2018.

21. During the relevant time period, the applicable Florida overtime wage was $12.075 per hour in 2016, $12.15 per hour in 2017, and $12.375 per hour in 2018.

22. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a

4

maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage.  This tip credit may apply to both minimum and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

23. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m).  If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum  and/or overtime wage.

24. Throughout MANZANERO'S employment, DEFENDANTS claimed the tip credit to pay MANZANERO at least $3.02 per hour below the minimum and overtime wage as a tipped employee.

25. Throughout his employment, DEFENDANTS took and retained tips belonging to MANZANERO, in violation of the FLSA.

26. Additionally, for more than one week of employment, MANZANERO was paid *below* the statutory minimum overtime wage for tipped employees because DEFENDANTS claimed *more* than the maximum $3.02 per hour tip credit.

27. As a condition of employment, DEFENDANTS required MANZANERO to purchase used uniform shirts from DEFENDANTS at his own expense.

28. DEFENDANTS required MANZANERO to attend mandatory company meetings without receiving compensation for his time.

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

29. DEFENDANTS knew or showed reckless disregard as to whether their policies were prohibited by the FLSA, thus they willfully engaged in practices that denied MANZANERO the applicable minimum and overtime wage.

30. DEFENDANTS' acts and omissions that gave rise to this action were not made in good faith reliance on relevant case law or statements or findings of the Department of Labor.

31. Throughout the Relevant Time Periods, MANZANERO regularly worked in excess of forty hours per week.

32. DEFENDANTS failed to provide the notice required under the FLSA in order to pay MANZANERO as a tipped employee.

33. Plaintiff RICARDO MANZANERO retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I

## WAGE & HOUR VIOLATIONS
## THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201, *et seq.*

34. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above, as though fully stated herein and alleges as follows:

35. This action is brought by Plaintiff to recover the tip credit utilized by Defendants for each hour worked by Plaintiff, the return of his tips taken and retained by Defendants, an additional amount as liquidated damages, plus costs and reasonable attorney's fees under 29 U.S.C. § 201, *et seq.*, and § 207.

36. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-sharing scheme in which Plaintiff's tips were taken and retained by Defendants, who were his employers, in violation of the FLSA.

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

37. Defendants did not provide Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

38. As a direct and proximate result of Defendants' taking and retaining Plaintiff's tips, and for not providing the requisite notice, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff RICARDO MANZANERO demands judgment in his favor and against Defendants STYLE 10, LLC, ESTER TARIN GIMENO, and JOSE CASTELLANO, jointly and severally, as follows:

a) Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b) Award to Plaintiff of actual damages equal to the tip credit claimed by Defendants multiplied by the total number of hours worked in the relevant time period;

c) Award to Plaintiff of his tips unlawfully taken and retained by the Defendants in the relevant time period;

d) Award to Plaintiff liquidated damages equal to the reimbursement of the tip credit claimed by Defendants and tips unlawfully kept or, if liquidated damages are not awarded, then prejudgment interest;

e) Award to Plaintiff reasonable attorneys' fees and costs; and

f) Award other such and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 21st day of May, 2018.

By:   s/Robert W. Brock II

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

>Robert W. Brock II, Esq.
>Florida Bar No. 75320
>robert@kuvinlaw.com
>legal@kuvinlaw.com
>*Law Office of Lowell J. Kuvin*
>17 East Flagler Street, Suite 223
>Miami, Florida 33131
>Tel.: 305.358.6800
>Fax: 305.358.6808
>*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **May 21, 2018**, I electronically filed the foregoing document via e-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by e-Filing Portal, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.

## **MANZANERO v. STYLE 10, LLC, TARIN & CASTELLANO**
## **CASE NO.**

### **Service List**

**Robert W. Brock II, Esq.**
Bar No. 75320
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
PrimaryEmails:robert@kuvinlaw.com
Secondary Email: legal@kuvinlaw.com
*Attorney for Plaintiff*

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808